IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LLOYD NEIL POPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-07-1333-F |
| v. ) | |
| ) | |
| DAVID C. MILLER, et al., ) | |
| ) | |
| Defendants. ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint filed November 27, 2007, Plaintiff asserts that he is incarcerated at the Lawton Correctional Facility ("LCF"), a private prison, and that he is being denied numerous rights in connection with the conditions of his confinement, although he does not allege the violation of specific constitutional guarantees. As relief, Plaintiff seeks damages and his "imeadiate [sic] release from custody of the penal system or ... a lawyer come help me with what I need to get me exonerated off this charge...." Complaint, at 5. Named as Defendants are LCF Warden David Miller, LCF law library supervisor Floyd Fry, LCF "Sgt." Meade, LCF food supervisor Mr. Hancock, LCF medical director Mrs. Halverson, LCF facility physician Dr. Edwin Carns, and LCF unit manager Mr.

1

Underwood. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The undersigned has undertaken a review of the sufficiency of the initial pleadings pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, it is recommended that the cause of action be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as more fully set forth herein.

I. Initial Review under 28 U.S.C. § 1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner proceeding *in forma pauperis*. On review, the court must dismiss a prisoner's cause of action seeking relief at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. At 1974. In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but not "conclusory allegations" to be true. McBride v. Deer, 240 F.3d 1287,

1289 (10th Cir. 2001)(internal quotation omitted).  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Plaintiff's Claims

In count one of the Complaint, Plaintiff asserts that he is "[b]eing denied direct and physical access to the law library and [is] not being allowed law books...." Complaint, at 3. Although Plaintiff also alleges that unidentified prison officials are "making disabled inmates to cuff up while in wheel chairs or using walkers or canes....," Plaintiff does not describe himself as an inmate being denied access to a law library because of a physical disability. Complaint, at 3.  Plaintiff alleges that "c/o Fry has said to all P.C. inmates that P.C. cannot have any law books and P.C. inmates cannot go to the law library."  Plaintiff alleges that Defendant Fry requires "P.C. inmates ... to tell him what they need exataly [sic] even if you [sic] are not sure what you [sic] need." Complaint, at 3A.  Plaintiff's remaining allegations in count one are totally unrelated to what appears to be his initial claim of a denial of access to the courts.

Plaintiff further alleges in count one that "Sgt. Meade makes all inmates cuff up behind the back to go shower or to see the doctor." Complaint, at 3.  Plaintiff alleges that "Doctor Carns has neglected to do any kind of check up on my chest and Ms. Halverson for medical neglect for letting Dr. Carns do nothing.  She lets him do what he wants."

In a third claim unrelated to these previous two claims in count one, Plaintiff alleges that "Warden David C. Miller has lied and let his [correctional officers] lie to D.O.C. and has let [correctional officers] assault inmates and write bogus write ups just so they can make the inmate do more time."

In count two of the Complaint, construing his *pro se* claims generously, Plaintiff asserts that he is being subjected to unconstitutional conditions of confinement at LCF due to the type, quality, and amount of food served at the prison. Plaintiff asserts in count two that "Mr. Hancock food supervisor is serving under cooked turkey and chicken meat knowing I Lloyd Neil Pope cannot eat bird meat and that is all this facility serves." Complaint, at 3.  As supporting facts, Plaintiff alleges that chicken is served "with blood still on the bone and meat pink not done."  Plaintiff complains that the food is not adequate for nutritional purposes and specifically for him, due to the fact that he gets sick, his stomach hurts, and he "get [sic] diarrhea bad" eating the food served at the prison.  He further alleges that he needs a special, non-poultry diet but that the prison's special diet is "mainly beans which hurts my ulcers...."  Complaint, at 3A.

In another, unrelated allegation in count two, Plaintiff alleges "David C. Miller for being indifferent to inmates and lying to D.O.C. and G.E.O. company about how they treat the inmates at this facility." Complaint, at 4.

In count three, Plaintiff asserts that "Mr. Underwood has stopped my mail going to the Warden and stopped all request to staffs going to the chow hall, and medical has it where I am doing day to day and I am doing 30 yrs. for a crime I did not do but yet he don't care

because of what I am in on. Mr. Underwood and other workers here have let every inmate know I am in on a sex offence [sic] trying to get me killed." Complaint, at 4.

III. Screening of the Complaint

To the extent Plaintiff raises a claim in count one of the Complaint of a denial of his right of access to the courts, this claim fails to state a claim upon which relief may be granted. Plaintiff alleges in count one that he has been denied physical access to a law library or legal resources. However, Plaintiff has failed to allege any actual injury sufficient to support a claim of denial of his constitutionally-protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 351 (1996)(prisoner asserting denial of access to the courts must allege some actual injury in his or her ability to pursue a nonfrivolous legal claim; "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense" but must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim"). Therefore, Plaintiff has not stated a claim of denial of his right of access to the courts, and this claim should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also asserts in count one that "Sgt. Meade makes all inmates cuff up behind the back to go shower or to see the doctor." Complaint, at 3. With respect to this claim, Plaintiff has failed to state a cognizable claim for relief under 42 U.S.C. § 1983. In Whitley v. Albers, 475 U.S. 312 (1986), the Supreme Court established that only the "unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the

Eighth Amendment." Id., at 319 (quotation omitted). The Supreme Court revisited the issue of excessive force in Hudson v. McMillian, 503 U.S. 1 (1992), and concluded that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id., at 6. One factor the Court relied on to indicate whether the use of force was reasonable or evinced an unjustifed infliction of harm was "the extent of injury suffered by an inmate." Id. In Plaintiff's Complaint, Plaintiff admits that he is confined to the protective custody unit of the prison. He does not allege any injury as a result of Defendant Meade's use of handcuffs while transferring Plaintiff to the shower or to the prison's medical unit. The allegations in the Complaint describe only a *de minimis* application of force by Defendant Meade. Accordingly, Plaintiff's claim with regard to Defendant Meade's use of handcuffs should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

In count one, Plaintiff alleges that Defendant Carns has been deliberately indifferent to Plaintiff's medical needs related to an alleged "chest" condition and surgery. Plaintiff has filed three lawsuits that are pending in this Court. Taking judicial notice of the Court's own records, Plaintiff's allegations in count one are substantially identical to the allegations made by Plaintiff in his Complaint in a prior lawsuit, Pope v. Carns, et al., Case No. CIV-07-1331-D.[1] Accordingly, this claim should be dismissed with prejudice from this action pursuant

---

[1] Plaintiff alleges in the Complaint filed in Pope v. Carns, et al., CIV-07-1331-D, that Defendant Dr. Carns has failed to provide post-surgical medical care for Plaintiff's "left breast."

to 28 U.S.C. § 1915(e)(2)(B) as it is duplicitous.

Plaintiff's remaining allegations in count one against Defendants Miller and Halverson are vague and conclusory and fail to state a recognizable claim under 42 U.S.C. § 1983. Consequently, the Plaintiff's remaining allegations in count one of the Complaint against Defendants Miller and Halverson should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges in count two that he is being subjected to unconstitutional conditions of confinement because his dietary needs are not being met. Plaintiff alleges that the meals provided at LCF contain mostly chicken or turkey meat and very little beef, that chicken and turkey make him physically ill, that the only alternative at the facility is a diet of "mainly beans which hurts my ulcers," and that he has been advised by "Dr. Carns and the nurses plus Mr. Hancock" to "eat what they serve or do without."

Taking judicial notice of the Court's own records, Plaintiff has made substantially identical allegations in an earlier lawsuit that is pending in this Court, Pope v. Wiedow, et al., CIV-07-1332-M. However, perhaps in an attempt to "forum shop," Plaintiff does not name Mr. Hancock as a Defendant in Pope v. Wiedow, et al., CIV-07-1332-M. Plaintiff seeks damages from Defendants Carns, Wiedow, and Halverson in that action. Plaintiff alleges in the Complaint filed in that action that in 2005 Defendant Carns "did stop my non-poultry diet in 2005" and that chicken and turkey meat makes him physically ill. Plaintiff's claim in this action that his dietary needs in the form of a "non-poultry diet" are not being met is duplicitous, as he has raised the same claim in the previous action. Accordingly, this

claim should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff also alleges in count two that the food served at LCF is "undercooked," that "Mr. Hancock only lets the meat just stay in long enough to heat up," that the food is "not worth eating," and that inadequate portions of food are served to inmate at LCF. Complaint, at 3.  At this juncture, Plaintiff's claim of unconstitutional conditions of confinement with respect to the adequacy of the food provided to him at LCF is sufficient to withstand this preliminary review.

In count three of the Complaint Plaintiff alleges that Defendant "Underwood has stopped my mail going to the warden and stopped all request[s] to staff going to the chow hall..." Complaint, at 4.  In a completely unrelated claim in count three, Plaintiff alleges that "medical has it where I am doing day to day and I am doing 30 yrs. for a crime I did not do." Id.  In yet another unrelated claim in count three, Plaintiff alleges that Defendant "Underwood and other workers here have let every inmate know I am in on a sex offence [sic] trying to get me killed." Id.

Plaintiff's contentions with respect to Defendant Underwood are sufficient at this juncture to withstand this preliminary judicial review.  However, Plaintiff's contention concerning "medical" is conclusory and fails to state a recognizable claim under 42 U.S.C. § 1983 against any Defendant.  Accordingly, this claim should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

To the extent Plaintiff seeks his release from confinement in his request for relief in the Complaint, Plaintiff may be challenging the fact or duration of his confinement.  If this

is his desire, Plaintiff's remedy for such a claim is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Taking judicial notice of this Court's own records, Plaintiff has previously sought habeas relief in this Court with respect to his conviction entered in the District Court of Pottawatomie County, Oklahoma, Case No. CF-95-303.  In Pope v. Poppell, Case No. CIV-00-1737-T, former United States District Judge Thompson entered an Order and Judgment on December 22, 2000, in which Judge Thompson found that Plaintiff's petition was untimely and dismissed the petition for that reason.  If the instant cause of action is construed, in part, as a petition for a writ of habeas corpus, the petition would clearly be successive, and Petitioner has not shown that he has received the requisite authorization to proceed in this Court with a successive habeas petition challenging his Pottawatomie County conviction and sentence.  See 28 U.S.C. § 2244(b). Because construing Plaintiff's Complaint as a 28 U.S.C. § 2254 petition for a writ of habeas corpus would require that this Court transfer the action to the Tenth Circuit Court of Appeals, and because Plaintiff has not specifically alleged any claims challenging the conviction and sentence he is now serving, the undersigned declines to so construe the Complaint.  Should Plaintiff desire to seek federal habeas relief in a successive 28 U.S.C. § 2254 petition, he may do so in a separate action, conditioned upon his satisfaction of the requirements of 28 U.S.C. § 2244(b).

## RECOMMENDATION

Based on the foregoing findings, it is recommended all of Plaintiff's claims in the Complaint be dismissed with or without prejudice as set forth above pursuant to 28 U.S.C.

§ 1915(e)(2)(B) except for Plaintiff's claim in count two of unconstitutional conditions of confinement with respect to the adequacy of the food provided to him at LCF and his claims in count three concerning Defendant Underwood. Plaintiff is notified that a dismissal of this cause of action pursuant to §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by      February 26th     , 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  6th  day of   February  , 2008.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE